Judge Buckner
delivered the opinion of the Court.
This writ was an ejectment in the Allen circuit court, instituted by Tully R. Payne against Overley.
The defendant in error, claimed the land in contest, under patent issued to him, by the commonwealth of Kentucky, dated the 6th of October, 1822, founded on a survey, made by virtue of a Kentucky land warrant. It was proved on the trial, that, at the dale of the service of the declaration in ejectment, the plaintiff in error was living upon, and claimed land within the bounds of said patent.
Overley, who had been entered as a defendant to the action, produced and read to the jury as evidence, to which Payne objected, the following written testimony:
*718 1st. A county court certifícale, with the assignments therein. The certificate is in the following words:
‘No: 258.
“Warren county, set. September county court, 1801, I do hereby certify, that John Anderson is entitled to 200 acres of land, by virtue of his having taken up and improved the-same, agreeably to an act of assembly in that case mudo and provided, viz: Warren couniy, John Anderson enters 200 acres of land on the waters of Bay’s fork, beginning ata white walnut, hackbeny and sugartree, thence westwardly, northwardly, eastward!}' and southwardly, to the beginning, to include the quantity.”
Winn. Chaplese, c. .c
A Copy lest. John M. Foster, ii. n. o.
This had been assigned by Anderson, to Alfred Payne, on the 5th of September, 1801.
On the 1st of September, 1817, A. Payne assigned said certificate, as to 100 acres thereof, to Fleming Greenwood; as to the other hundred, he assigned it to M. Alexander, on the same day.
When the said certificate was granted, the land was in the county of- Warren.
2d. A plat and certificate of survey, dated 22d of December, 1817, for 100 acres of land, surveyed for Fleming Greenwood, who was assignee of Alfred Payne, who was assignee of John Anderson, by virtue of said certificate and assignment to said Greenwood.
3d. An assignment of said certificate of survey by Fleming Greenwood, to Abel Mannon, on the 20th of November, 1818.
4th. A patent from the commonwealih of Kentucky, for the one hundred acres, surveyed for Greenwood to Abel Mannon, dated, 5th January, 1823, and a deed of conveyance therefor, from said Mannon to the plaintiff in error, the execution of which was admitted on the trial by the defendant in error.
After the examination of various witnesses, and the parties had closed their evidence, the court, upon the motion of Payne, excluded from the jury, the whole *719 ef llic above mentioned written testimony, to which the defendant in error excepted.
To enyt¡e junior paten, tee to protec-ae^Jnsis giving “to entries thereto-ÍSoundtd . miUje; supcii-ority to sur-ycysmarteon 0vf-,;no,i n„. tier that act, notwithstanding vagueness of t he entries er certificates, &c.” his surveys must have been made before passage of the act.
*719 A verdict having been returned against Overley, he moved the court for a new trial, upon the ground that the verdict was against law and evidence, and that the court had improperly rejected the evidence aforesaid, which motion was overruled, and judgment entered in pursuance of the verdict; to reverse which, Overley prosecutes this writ of error.
Upon vvhat ground the deed and patent were excluded, we cannot perceive. It seems to have been palpably erroneous.
If, nevertheless, the verdict was, in other respects correct, and no injury was sustained by the plaintiff in error, from the rejection of them, it would be improper to reverse the judgment on that account.
it becomes important, therefore, to determine, whether the -other written testimony was properly admissible.
The 10th section of the act, passed 6th of February, 1815, provides, “that all entries heretofore made, and all titles founded upon survey's heretofore made, which by the laws at the time being, were authorized to be made, shall be deemed superior to surveys made upon warrants obtained by virtue of this act, notwithstanding any alleged vagueness in the entries on certificates* on which said surveys wore founded; and notwithstanding such surveys may not be made conformable to entry.” See II. vol. Digest of the statutes of Kentucky, page 810.
It was under this section, it is supposed, that the plaintiff in error, hoped to find protection, although the patent under which he claimed was subsequent in date, to that of the defendant in error. That it could not however aid him in his defence, is evident from any construction, which can be reasonably given to tbe section referred to.
Had the survey, upon which the patent to Mannon emanated, been anterior in date to the passage of the act, however vague the entry, under which Overley claims, may be. it would have protected him apainst rayru,' s patent, hot’t was subsequent in l;ob?uary. *720 1815. The entry then was his only ground of defence, and had the evidence, written or parol, conduced to shew that the land in contest or any part of it, was included in Anderson’s entry, and the survey on which Mannon's patent issued, the court should have permitted the evidence, which was excluded, to go to the. jury; unless it was matter, of which Overley could avail himself in a court of equity only; concerning which, it is not now necessary to determine; for,upon an attentive examination of the testimony, as exhibited in the bill of exceptions, which contains all that was produced by either party, we are of opinion, that if was insufficient to authorize any such conclusion.
C. S. Bibb, for appellant.
It would not better warrant the belief that the land, for which the entry was made, was the same, which was surveyed, and for which the patent to Mannon issued, than it would, that it was any other land, which might nave been designated in any part of the waters oí Bay’s creek, in the county where it is situated. Under that view of the case, the circuit court acted correctly in excluding the written testimony, except the deed and patent; and the admission of them could have been of no service to Overley’s defence. The motion for a new trial was properly overruled. The testimony justified the jury in finding the verdict re turned.
The judgment must therefore be affirmed with costs.
JVfTTE. — Jwdge Under wood did not sitia thisr.ase,- — RFroRTEE